IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION PLAN OF LOCAL UNION 786 LUMBER EMPLOYEES RETIREMENT FUND, WELFARE PLAN OF LOCAL UNION 786 BUILDING MATERIAL WELFARE FUND, MICHAEL PHILIPP, MICHAEL YAUGER, STEVEN WARNKE, KEVIN JARCHOW, EDWARD RIZZO, STEVEN FISHER, RICKY BLEVINS, DAVE MASHEK, and MARTY OZINGA IV, as Trustees of the respective Funds.<br><br>Plaintiffs,<br><br>v.<br><br>LEE LUMBER & BUILDING MATERIAL CORP., RICHARD BAUMGARTEN, ARTHUR RAND BAUMGARTEN and any other CONTROLLED GROUP MEMBERS OF LEE LUMBER & BUILDING MATERIAL CORP.,<br><br>Defendants. | Case No. 1:19-cv-6933_____ |

## COMPLAINT

Plaintiffs, Pension Plan of Lumber Employees Local 786 Retirement Fund ("Pension Fund"), Welfare Plan of the Local Union 786 Building Material Welfare Fund ("Welfare Fund") and Michael Philipp, Michael Yauger, Steven Warnke, Kevin Jarchow, Edward Rizzo, Steven Fisher, Ricky Blevins, Dave Mashek, and Marty Ozinga IV as the members of the Funds' respective Boards of Trustees (collectively, the "Trustees"), by their attorneys Jeffrey S. Fowler, William T. Daniels and Jeffrey W. Hoff, bring this complaint against Defendants, Lee Lumber & Building Material Corp. (the "Employer" or "Lee Lumber"); Richard Baumgarten and Arthur Rand Baumgarten; and any controlled group members of the Employer, as a result of the Employer's withdrawal from a multiemployer pension plan and failure to make contributions to

1

both the Pension Fund (for withdrawal liability) and the Welfare Fund (for benefits), and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001-1461, to collect withdrawal liability, delinquent contributions, interest, and penalties and, as such, this Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1145 and 1451(c) and 28 U.S.C. §1331.

2. Venue lies in this court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund and Welfare Fund are administered by their respective Boards of Trustees at their principal place of business located at 300 South Ashland Avenue, Suite 500, Chicago, Illinois 60607, and that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff Pension Fund is a multiemployer pension benefit plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA. 29 U.S.C. § 1002(37) and 1301(a)(3). The Pension Fund is established and maintained pursuant to its Agreement and Declaration of Trust of the Lumber Employees Local 786 Retirement Fund (the "Agreement and Declaration of Trust") in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Pension Fund has offices and conducts business within this District.

4. Plaintiff Welfare Fund is a multiemployer welfare benefit plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA. 29 U.S.C. § 1002(37) and 1301(a)(3). The

Welfare Fund is established and maintained pursuant to its Agreement and Declaration of Trust of the Local Union 786 Building Material Welfare Fund (the "Agreement and Declaration of Trust") in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Welfare Fund has offices and conducts business within this District.

5. The members of the Board of Trustees of the Pension Fund are Michael Philipp, Michael Yauger, Edward Rizzo, Steven Fisher, and Ricky Blevins.

6. The members of the Board of Trustees of the Welfare Fund are Michael Yauger, Steven Warnke, Kevin Jarchow, Edward Rizzo, Steven Fisher, Ricky Blevins, Dave Mashek, and Marty Ozinga IV.

7. Plaintiff Trustees of the Pension Fund are the Plan Sponsor of the Pension Fund and have been duly authorized by its respective Agreement and Declaration of Trust to act on behalf of the Pension Fund in collection of withdrawal liability and delinquent contributions owed to the Pension Fund. With respect to such matters, the Trustees act as fiduciaries of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, as fiduciaries, are authorized to bring this action on behalf of the Pension Fund, its Plan, its participants, and its beneficiaries for the purpose of collecting withdrawal liability and/or delinquent contributions (related to withdrawal liability payments that were not made in accordance with the withdrawal liability payment schedule).

8. Plaintiff Trustees of the Welfare Fund are the Plan Sponsor of the Welfare Fund and have been duly authorized by its respective Agreement and Declaration of Trust to act on behalf of the Welfare Fund in collection of delinquent contributions owed to the Welfare Fund. With respect to such matters, the Trustees act as fiduciaries of the Welfare Fund within the

meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, as fiduciaries, are authorized to bring this action on behalf of the Welfare Fund, its Plan, its participants, and its beneficiaries for the purpose of collecting delinquent contributions.

9. Defendant Lee Lumber is an Illinois corporation with its principal place of business located in the State of Illinois and in this District.

10. The Agent of Record for Lee Lumber as of January 17, 2019, is Joey Waldman whose listed address is 1247 Waukegan Road Ste 100, Glenview, Illinois 60025.

11. Until it closed on or about November 1, 2018, Lee Lumber operated at 633 West Pershing Road, Chicago, Illinois.

12. When Lee Lumber closed, on or about November 1, 2018, it ceased making contributions to the Pension Fund and triggered withdrawal liability on or about that date.

13. Lee Lumber is owned by Richard Baumgarten and Arthur Rand Baumgarten, who own one hundred percent (100%) of the stock of Lee Lumber split evenly between them.

14. Defendants Richard Baumgarten and Arthur Rand Baumgarten are individuals that as of the date Lee Lumber withdrew from the Pension Fund (on or about November 1, 2018) owned one hundred percent (100%) of Lee Lumber.

15. Defendants Richard Baumgarten and Arthur Rand Baumgarten are individuals that as of the date Lee Lumber withdrew from the Pension Fund (on or about November 1, 2018) owned one hundred percent (100%) of the property upon which Lee Lumber operated located at 633 W. Pershing Road, Chicago Illinois 60609 (the "Property").

16. In accordance with Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1): (i) all "trades and businesses" (whether or not incorporated) that are "under common control" are

treated as a single employer, and (ii) all employees of trades or businesses under common control are treated as employed by a single employer. Thus, each trade or business under common control with the withdrawing employer is jointly and severally liable for any withdrawal liability of any other trade or business under common control (see PBGC § 4001.3(a)(2)).

17. The Property is a separate trade or business upon which Lee Lumber operated its business on and before the date of its withdrawal from the Pension Fund thus constituting a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder.

18. The Property as of the date of withdrawal was not held as a corporation, limited liability company and/or limited partnership. Therefore, the Property was not protected from any form of limited liability that would prevent the Pension Fund from suing the owners individually for amounts owed by the Property (as a single employer with Lee Lumber) for the withdrawal liability.

## FACTS

19. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-18 of this Complaint with the same force and effect as if fully set forth herein.

20. Lee Lumber was an employer engaged in an industry affecting commerce and was subject to a collective bargaining agreement with the Building Material, Lumber, Box, Shaving, Roofing and Insulating Chauffeurs, Teamsters, Warehousemen and Helpers Union No. 786 (the "Union") in the City of Chicago and Vicinity, State of Illinois, affiliated with the International Brotherhood of Teamsters, under which Lee Lumber was required to make contributions to the Pension Fund and Welfare Fund on behalf of certain of its employees.

21. The Employer remitted contributions to the Pension Fund and the Welfare Fund in accordance with the terms of its collective bargaining agreement with the Union until November 30, 2018, after which it ceased remitting contributions to the Pension Fund and Welfare Fund.

22. On or about November 1, 2018, the Employer no longer employed employees covered by a collective bargaining agreement requiring contributions to the Pension Fund or the Welfare Fund.

23. Lee Lumber sold its assets on or about November 1, 2018 and is no longer engaged in business activities involving Union employees.

## COUNT I
## WITHDRAWAL LIABILITY

24. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-23 of this Complaint with the same force and effect as if fully set forth herein.

25. The Employer withdrew from the Pension Fund in the Plan Year ending August 31, 2019, when it permanently ceased to have an obligation to remit contributions to the Pension Fund as a result of its closure and the sale of its assets.

26. Under section 4201(b) of ERISA, 29 U.S.C. § 1381(b), the Pension Fund calculated the liability for the Employer's withdrawal to be $4,789,377 using the August 31, 2018 valuation date.

27. The Pension Fund notified Lee Lumber by letter (the "Demand Letter") dated January 10, 2019, that the amount of withdrawal liability incurred by Lee Lumber for a withdrawal during the Plan Year ending August 31, 2019 was estimated to be $7,554,892. In the Demand Letter, the Pension Fund further notified Lee Lumber that it could pay its estimated liability in 80 quarterly installments of $34,807. The Demand Letter advised Lee Lumber that the

first installment was due by March 15, 2019, and every three months thereafter. Alternatively, Lee Lumber, had the option of paying its withdrawal liability in a lump sum. A copy of the Demand Letter is attached as Exhibit A.

28. The Demand Letter was sent by certified mail return/receipt requested to Lee Lumber at the address of the Property and was accepted by Lee Lumber on or about January 14, 2019. (Exhibit B).

29. No payment has been received by the Pension Fund from any of the Defendants regarding the withdrawal liability assessed.

30. The Pension Fund, under separate cover dated March 22, 2019, sent a notice of default to Lee Lumber informing Lee Lumber that it had missed its first payment of $34,807 and that it had 60 days to correct this missed payment or the Pension Fund would default Lee Lumber and all amounts owed would become immediately due. (Exhibit C).

31. On April 2, 2019, legal counsel for Lee Lumber timely filed a request for review in accordance with section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A). (Exhibit D).

32. On May 31, 2019, the Fund notified Lee Lumber via certified mail that its Trustees had reviewed the request for review of Lee Lumber and had revised the estimated amount of withdrawal liability owed from $7,554,892 to $4,789,377. This notice also revised the quarterly payment owed from $34,807 to $32,400. (Exhibit E).

33. The Pension Fund granted Lee Lumber additional time to cure its default from its original deadline of March 22, 2019 to June 7, 2019.

34. To the date of this Complaint, Lee Lumber has made no payments to the Pension Fund for withdrawal liability and has been defaulted by the Pension Fund.

35. A final letter was sent by certified mail return/receipt requested to Lee Lumber at the address of the Property dated August 8, 2019, notifying Lee Lumber that the Trustees had defaulted Lee Lumber for failing to make payments required under ERISA and that the entire withdrawal liability of $4,789,377 was now due. The notice stated that payment of this amount was due within 10 days of receipt of the letter. This letter was received by Lee Lumber on August 9, 2019. (Exhibit F).

36. In accordance with ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1), Lee Lumber and its controlled group members had 60 days from the date of the Fund's May 31, 2019 letter to initiate arbitration. Since no action was taken by Lee Lumber and/or its controlled group members to initiate arbitration, Defendants have waived any rights to challenge the amount of withdrawal liability and who is liable for such withdrawal liability.

37. Lee Lumber has not remitted any of the installment payments sought by the Pension Fund for Lee Lumber's withdrawal from the Pension Fund nor did it ever take steps to initiate arbitration.

38. Under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), an employer is required to pay any outstanding withdrawal liability in a lump sum if it is in default and has exhausted its ability to challenge withdrawal liability due to its failure to timely initiate arbitration.

39. Under Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and PBGC Opinion Letter 82-37 (1982), an "employer" is a person who is "obligated to contribute" to a plan either as a direct employer, or an entity that is a "trade[] or business[] under common control" with such employer.

40. Under Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), the owner(s) of an unincorporated trade or business are treated as employers and shall be jointly and severally liable for any withdrawal liability if such business is a trade or business under common control with an entity that has incurred withdrawal liability.

41. As the owners of Lee Lumber and of the Property upon which Lee Lumber operated, Richard Baumgarten and Arthur Rand Baumgarten are part of the controlled group and/or joint employers with Lee Lumber and are therefore jointly and severally liable to the Pension Fund for withdrawal liability.

42. Pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e), Lee Lumber; Richard Baumgarten and Arthur Rand Baumgarten; and any other members of the Controlled Group are liable jointly and severally for the Fund's costs and expenses incurred in connection with this action, including any reasonable attorneys' fees.

## COUNT II
## DELINQUENT CONTRIBUTIONS

43. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-42 of this Complaint with the same force and effect as if fully set forth herein.

44. Pursuant to the Welfare Fund's Agreement and Declaration of Trust, Lee Lumber was required to make monthly reports of hours worked by its employees in the jurisdiction of the Union and pay contributions to the Welfare Fund for each hour worked at the negotiated rate.

45. The Welfare Fund conducted a final audit of Lee Lumber on June 30, 2018.

46. The Welfare Fund auditors determined a deficiency was owed and Lee Lumber timely paid the delinquency.

47. Lee Lumber ceased sales to its customers on or about October 31, 2018 but agreed to use Union drivers to help in the liquidation of the company.

48. Lee Lumber agreed to pay contributions for the time these Union drivers worked during the liquidation process.

49. The delinquency owed is for work performed by Union drivers during the month of October 2018 when Union drivers were moving product in the liquidation.

50. Lee Lumber paid the Pension Fund contributions owed for the month of October but not the Welfare Fund contributions.

51. Lee Lumber owes the Welfare Fund contribution for the month of October 2018 plus interest, penalties and liquidated damages. Attached is the contribution report detailing the amounts owed to the Welfare Fund. (Exhibit G).

52. Pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e), Lee Lumber is liable for the Fund's costs and expenses incurred in connection with this action, including any reasonable attorneys' fees.

**WHEREFORE**, the Pension Fund, Welfare Fund and their respective Trustees respectfully request the following judgment in favor of the Plaintiffs and against the Defendants:

    a. That Lee Lumber; Richard Baumgarten and Arthur Rand Baumgarten; and any other members of the Controlled Group be held liable jointly and severally for the outstanding withdrawal liability of $4,789,377, which amount includes delinquent contributions owed to the Pension Fund for this withdrawal liability pursuant to Section 4219(c)(1) of ERISA, 29 U.S.C. §1399(c)(1);

    b.    That Lee Lumber; Richard Baumgarten and Arthur Rand Baumgarten; and any other members of the Controlled Group be held jointly and severally liable for the full amount of prejudgment interest attributable to the withdrawal liability calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g);

    c.    In the alternative, that Lee Lumber; Richard Baumgarten and Arthur Rand Baumgarten: and any other members of the Controlled Group be held jointly and severally liable for the delinquent contributions, plus interest, liquidated damages and attorney fees for missed payments of the withdrawal liability required under ERISA pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e);

    d.    That Lee Lumber; Richard Baumgarten and Arthur Rand Baumgarten; and any other members of the Controlled Group be held jointly and severally liable for liquidated damages calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g);

    e.    That Lee Lumber; Richard Baumgarten and Arthur Rand Baumgarten; and any other members of the Controlled Group be held liable jointly and severally for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees, pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e);

    f.    That Defendant Lee Lumber be held liable in the amount of $2,880.00 for unpaid contributions to the Welfare Fund of the month of October 2018,

      pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e);

g.    That Defendant Lee Lumber be held liable in the amount of $985.00 for liquidated damages and interest for the late Welfare Fund contributions, pursuant to pursuant to Sections 502(g)(2) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(e);

h.    That Defendants be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to their respective Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2)(D); and

i.    The Plaintiffs shall have such other and further relief as the Court shall deem just and proper.

[SIGNATURE PAGE ON NEXT PAGE]

Dated: October 21, 2019

Respectfully submitted,

PENSION PLAN OF LOCAL UNION 786 LUMBER EMPLOYEES RETIREMENT FUND, WELFARE PLAN OF LOCAL UNION 786 BUILDING MATERIAL WELFARE FUND, MICHAEL PHILIPP, MICHAEL YAUGER, STEVEN WARNKE, KEVIN JARCHOW, EDWARD RIZZO, STEVEN FISHER, RICKY BLEVINS, DAVE MASHEK, AND MARTY OZINGA IV

/s/: Jeffrey S. Fowler
    Jeffrey S. Fowler
    Attorney for Plaintiffs

Jeffrey S. Fowler, jfowler@lanermuchin.com
(6205689)
William T. Daniels, wdaniels@lanermuchin.com
(6224750)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, IL 60654
(312) 467-9800 / (312) 467-9479 (fax)

Jeffrey W. Hoff, jhoff@786benefits.org
(6203385)
Teamsters Local 786 Benefit Funds
300 South Ashland Avenue #500
Chicago, IL 60607
(312) 666-1875